FRANZ SCHOENFELD ET AL., Plaintiffs in Error, *v.* Jos. A. HEMAN & Co., Defendants in Error.

In the assignment of errors in a bill of exceptions the error sought to be assigned must be distinctly pointed out, otherwise it will be held to have been waived.

ERROR TO SPECIAL TERM.—The facts appear in the opinion.

*Long & Kramer,* for plaintiffs in error.

*Pugh & Pugh,* contra.

HAGANS, J. This is a suit upon a promissory note, of which the following is a copy:

"$3,000. CINCINNATI, *January* 31, 1869.

"Four months after date we promise to pay to the order of Jos. A. Heman & Co., three thousand dollars, at the banking house of Jos. A. Heman & Co., value received.

"GELLENBECK & Co.".

Indorsed: "*B. Gellenbeck, Franz Schoenfeld.*"

The petition charges Gellenbeck & Co. as makers and B. Gellenbeck and Schoenfeld as *indorsers,* and avers that on 3d June, 1869, the note was duly protested for non-payment, and demands judgment for the amount of the note, and interest and costs of protest.

None of the defendants below answered but Schoenfeld, who denied his liability as indorser or otherwise. He alleged, that being applied to by the makers of the note for

his indorsement, and being unacquainted with their character and solvency, he went to defendants in error, who were bankers, and asked them in relation to the character and solvency of Gellenbeck & Co., and they falsely and fraudulently represented that Gellenbeck & Co. were a solvent firm and in good standing, and relying solely on these representations he indorsed the note. He alleges that Gellenbeck & Co. were at the time in failing circumstances and unworthy of credit and that defendants in error knew it, and he asks to be discharged.

On the trial before a jury, the plaintiff, Schoenfeld, stated that he had indorsed a note for the Gellenbecks for a like amount, which was held by the defendants in error, and of which the note sued on was a renewal.

The original note became due on the 31st January, 1869— the date of the note sued on—and the Gellenbecks told him on the morning of that day they could not pay it, and wanted him to indorse the note sued on. He thereupon went to the office of defendants in error and saw Heman, whom he had never seen before, and told him he had come to see about a note on which Frank Gellenbeck was indorser. He also told Heman that the parties wanted to renew the note, and that he did not like to indorse it; to which Heman replied that the Gellenbecks had some trouble with one Varwig, from whom they were compelled to take a mortgage, and that was the reason why they did not pay the note; that Henry Gellenbeck was of no account, but that if George Gellenbeck said so it was all right. It seems the plaintiff in error went to George Gellenbeck to see if what Heman said was right, and George said "yes," and thereupon he wrote his name on the back of the note sued on; and that at this time the Gellenbecks had property out of which the original note could have been made. When the note sued on fell due the Gellenbecks were insolvent. Schoenfeld did not procure the discount of the original note or get any of the proceeds of it.

Heman testified that when the first note was offered for

discount he inquired about Schoenfeld and found him responsible as well as the elder Gellenbeck. When it fell due Schoenfeld came to see him, but he does not remember the conversation Schoenfeld details, but that it is his impression he did not make the statements as testified to by Schoenfeld.

On this state of the case the parties agreed that the jury might render a verdict for the defendants in error, subject to the opinion of the court upon the law of the case; and thereupon Schoenfeld filed a motion for a new trial: first, because the court misdirected the jury; second, because the verdict was contrary to the evidence; and third, because it was contrary to the law.

On the hearing of the motion for a new trial affidavits of both Heman and Schoenfeld were read, which do not materially change the statements made before the jury, except some variations of the statements of both parties, which do not affect the substantial question in the case. There is a professional statement of counsel, which was addressed to the discretion of the court, in connection with the affidavits of the parties containing cumulative testimony only, which the judge at Special Term did not think sufficient to authorize him to grant the motion for new trial, and he accordingly overruled the same and entered judgment on the verdict.

The assignment of errors is a repetition of the reasons for a new trial. There does not appear any exception to the charge of the court, and we are not disposed to disturb the verdict of the jury on the evidence, for we think that the verdict was right.

But it is said that the judgment is erroneous in this: that the liability charged in the petition against the plaintiff in error is that of an indorser and not that of a guarantor or joint maker, which in fact it was; and that although the defendants in error might have amended their petition, to make it conform to the facts proved, and though the judgment might then have been good, still it is now too late to amend, and the judgment is bad. It is said that if Schoen-

feld be a guarantor he had no sufficient notice of the default of the principals, Gellenbeck & Co.  To this last it will be sufficient to say, that at the maturity of the note the Gellenbecks are admitted to have been insolvent; besides, the plaintiff in error had sufficient notice.

The plaintiff in error seems, at no previous time, to have called any attention to the variance between the pleadings and proofs, and may be deemed to have waived it, because there is no assignment of errors broad enough to cover it.

Our Supreme Court has frequently held that the error must not only appear affirmatively, but must be specifically pointed out.  This the party has not done.  *Armstrong* v. *Clark*, 17 Ohio, 495; *Little Miami Railroad Co.* v. *Collett*, 6 Ohio St. 182.

The judgment must be affirmed.